## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| **JAMES BAILEY ET AL** | **CASE NO.  2:22-CV-01973** |
| **VERSUS** | **JUDGE JAMES D. CAIN, JR.** |
| **G E I C O COUNTY MUTUAL INSURANCE CO ET AL** | **MAGISTRATE JUDGE KAY** |

### MEMORANDUM RULING

Before the Court is Sasha Stadium's Rule 12(b) Motion to Dismiss (Doc. 7), wherein Ms. Stadium, the Defendant, moves the court to dismiss Plaintiff's, James and Donna Bailey individually and on behalf of Alyssa Bailey, claims for insufficient service of process under Federal Rule of Civil Procedure 12(b)(5). The motion is unopposed.

## I.    BACKGROUND

This diversity action arises from an automobile accident on or about August 3, 2021, on Interstate 49. Doc. 7-1. On December 23, 2021, Plaintiffs filed the Petition in the 27th Judicial District Court for the Parish of St. Landry, Louisiana, Suit No. 21C46820, which alleged counts of negligence against the Defendant arising from aforesaid accident. Doc. 1. Additionally, the Petition (Doc. 1-2, at 3) named Defendant, GEICO General Insurance Company, alleging recovery under a policy of liability insurance coverage issued by Defendant, GEICO General Insurance Company and GEICO County Mutual Insurance Company as well as Defendant, State Farm Mutual Automobile Insurance Company, alleging a policy of uninsured/underinsured motorist insurance coverage issued from State Farm to Plaintiffs. Due to flaws in the pleading regarding proper venue, GEICO filed a

Declinatory Exception of Improper Venue and Dilatory Exception of Vagueness on February 11, 2022. *Id.*, at 32. The parties ultimately agreed in a Consent Judgment on the issues pertaining to the Declinatory Exception of Improper Venue (but not the Dilatory Exception of Vagueness), which was executed by Judge Meche on March 4, 2022, transferring the case from the 27th Judicial District Court in and for the Parish of St. Landry to the 33rd Judicial District Court in and for the Parish of Allen, where the matter was then newly docketed as Docket No. C-2022154. Doc. 1. On July 5, 2022, the case was removed to this Court by GEICO. *Id.* As of October 12, 2022, Ms. Stadium has neither been served, nor waived service, nor filed any responsive pleadings. Doc. 7-1.

## II.   <u>LEGAL STANDARD</u>

Rule 12(b)(5) of the Federal Rules of Civil Procedure authorizes the court to dismiss a civil action when service of process is inadequate or "insufficient." Moreover, "[i]n the absence of valid service of process, proceedings against a party are void." *Aetna Bus. Credit, Inc. v. Universal Decor & Interior Design, Inc.*, 635 F.2d 434, 435 (5th Cir. 1981); *see also Omni Cap. Int'l, Ltd. v. Rudolf Wolff & Co.*, 484 U.S. 97, 104 (1987).

Rule 4(c) of the Federal Rules of Civil Procedure places the burden on plaintiff to ensure that defendants are properly served with summons and a copy of the complaint. FED. R. CIV. P. 4(c)(1); *Carimi v. Royal Caribbean Cruise Line, Inc.,* 959 F.2d 1344, 1346 (5th Cir.1992). Therefore, when challenging service under Rule 12(b)(5), "the serving party bears the burden of proving its validity or good cause for failure to effect timely service." *E.g.*, *Sys. Signs Supplies v. U.S. Dep't of Just., Wash., D.C.*, 903 F.2d 1011, 1013 (5th Cir. 1990). This burden is met when the serving party shows "that the defendant was

properly served by producing the process server's return of service, which is generally accepted as *prima facie* evidence of the manner in which service was effected." *Nabuslsi v. Nahyan,* No. H–06–2683, 2009 WL 1658017, at *4 (S.D. Tex. June 12, 2009), *aff'd,* 383 F. App'x 380 (5th Cir.2010) (citing *O'Brien v. R.J. O'Brien & Associates, Inc.,* 998 F.2d 1394, 1398 (7th Cir.1993)). When resolving Rule 12(b)(5) motions, courts may consider affidavits or declarations. *See Quinn v. Miller*, 470 F. App'x 321, 322 (5th Cir. 2012) (affirming dismissal pursuant to Rule 12(b)(5) whereby defendant submitted an affidavit attesting that he had not lived at the address where service was allegedly affected).

When a court dismisses claims for failure to effectuate service within 90 days of the complaint being filed, it must dismiss the action without prejudice against that defendant or quash service and order that service be made within a specified time. FED. R. CIV. P. 4(m); *See Montalbano v. Easco Hand Tools, Inc.*, 766 F.2d 737, 740 (2d Cir. 1985). Courts, however, must extend the time limit for service for good cause shown. FED. R. CIV. P. 4(m).

## III.   ANALYSIS

Here, defendant Sasha Stadium argues that the plaintiffs filed the Petition (Doc. 1-2, at 3) in state court on December 23, 2021; removal was granted on July 7, 2022; and at no time has she been served. Doc. 7-1. Ms. Stadium's Rule 12(b)(5) motion (Doc. 7) is ripe and unopposed. Therefore, the Court finds that the Plaintiffs, the serving parties, have not carried their burden to show that Ms. Stadium was properly served with process. *See, e.g.*, *Sys. Signs Supplies*, 903 F.2d, at 1013.

## IV.    <u>CONCLUSION</u>

For the above reasons, **IT IS ORDERED** that Sasha Stadium's Rule 12(b) Motion to Dismiss (Doc. 7) be **GRANTED,** and Plaintiffs' claims as to Ms. Stadium are dismissed without prejudice.

**THUS DONE AND SIGNED** in Chambers on this 9th day of November, 2022.

**JAMES D. CAIN, JR.**
**UNITED STATES DISTRICT JUDGE**